UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN BLANCHAT, an individual resident of Washington; CHRISTOPHER BLANCHAT, an individual resident of Utah; SHILPI BLANCHAT, an individual resident of Utah; GORDON RUPP, an individual resident of Alberta Canada; and SMASH HIT LLC, an Arizona limited liability company,<br><br>     Plaintiffs,<br><br>  v.<br><br>SMASH FRANCHISE PARTNERS, LLC, d/b/a SMASH MY TRASH, an Indiana limited liability company; JUSTIN HASKIN, an individual; and FRANCHISE FASTLANE, INC., a Nebraska corporation,<br><br>     Defendants. | NO. 2:20-CV-0380-TOR<br><br>ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT are Defendants Smash Franchise Partners, LLC and Justin Haskin's Motion to Seal Complaint and First Amended Complaint and

ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER ~ 1

1  Strike Unsealed Filings (ECF No. 13), Motion to Expedite Hearing for Motion to

2  Compel Arbitration and Motion to Seal (ECF No. 14), and Motion to Compel

3  Arbitration and Dismiss Case (ECF No. 15). These matters were submitted for

4  consideration with oral argument on December 3, 2020. Brian J. Janura and J.

5  Michael Keyes appeared on behalf of Plaintiffs. Daniel Kittle, Per de Vise Jansen,

6  and Pilar C. French appeared on behalf of Defendants. Following oral argument,

7  Plaintiffs filed a Motion for Protective Order (ECF No. 27).

8        The Court has reviewed the record and files herein, heard from counsel, and

9  is fully informed. For the reasons discussed below, Defendants' Motion to Seal

10 Complaint and First Amended Complaint and Strike Unsealed Filings (ECF No.

11 13) is **DENIED**, Defendants' Motion to Expedite Hearing for Motion to Compel

12 Arbitration and Motion to Seal (ECF No. 14) is **GRANTED**, Defendants' Motion

13 to Compel Arbitration and Dismiss Case (ECF No. 15) is **GRANTED**, and

14 Plaintiffs' Motion for Protective Order (ECF No. 27) is **DENIED as moot**.

15                               **BACKGROUND**

16       This case concerns a franchise agreement regarding a trash compaction

17 business in Arizona. On October 16, 2020, Plaintiffs filed a Complaint against

18 Defendant Smash Franchise Partners LLC. ECF No. 1. On November 11, 2020,

19 Plaintiffs filed the First Amended Complaint which added Defendants Justin

20 Haskin and Franchise Fastlane Inc. and alleged the following causes of action: (1)

ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND
COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER ~ 2

violation of the Washington Franchise Investment Protection Act, (2) violation of the Washington Consumer Protection Act, (3) Negligent Misrepresentation, (4) Fraud/Intentional Misrepresentation, (5) Unjust Enrichment, (6) violation of Washington's Noncompetition Covenants, (7) violation of the Lanham Act 43(a), and (8) Declaratory Judgment. *See* ECF No. 8.

Defendants Haskin and Smash Franchise Partners LLC then filed the instant sealed Motions to Seal, Expedite, and Compel Arbitration and Dismiss Case.[1]

## FACTS[2]

Plaintiff Kevin Blanchat is a resident of the State of Washington with his primary residence located in Spokane. ECF No. 8 at 3, ¶ 3. Plaintiffs Christopher Blanchat and Shilpi Blanchat are residents of the State of Utah. ECF No. 8 at 3, ¶ 4. Plaintiff Gordon Rupp is a resident of Canada. ECF No. 8 at 3, ¶ 5. Plaintiff Smash Hit LLC is an Arizona limited liability company whose members include Plaintiffs Kevin Blanchat, Christopher Blanchat, Shilpi Blanchat, and Gordon Rupp. ECF No. 8 at 3-4, ¶ 6. The individual Plaintiffs are all small-business owners. ECF No. 8 at 6, ¶ 13.

---

[1] Defendant Franchise Fastlane Inc. has yet to appear in this matter.

[2] The following facts are principally drawn from Plaintiffs' First Amended Compliant. ECF No. 8.

ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER ~ 3

Defendant Smash Franchise Partners, LLC ("SMT") is an Indiana limited liability company whose sole member is Defendant Justin Haskin, also a resident of the State of Indiana. ECF No. 8 at 4, ¶¶ 7-8. SMT is a franchisor that licenses waste compaction service businesses under the trade name "Smash My Trash." ECF No. 8 at 6, ¶ 14.

Defendant Franchise FastLane is a Nebraska corporation with its principal place of business located in Omaha, Nebraska. ECF No. 8 at 4, ¶ 9. Franchise FastLane, a franchise broker, performs due diligence and closes on sales of franchises, earning a "success fee" for every new franchisee it enlisted with SMT. ECF No. 8 at 8, ¶¶ 20, 22.

On or about February 2020, third-party broker Marilyn Imparato introduced a franchise opportunity with SMT to Plaintiff Kevin Blanchat. ECF No. 8 at 8, ¶ 21. Ms. Imparato submitted a summary of Mr. Blanchat's experience to Franchise Fastlane; this summary provided an Idaho address for Mr. Blanchat. ECF No. 8 at 8, ¶ 22. Franchise Fastlane did not request any further information, including Mr. Blanchat's residence. ECF No. 8 at 8, ¶ 23.

For several weeks, the individual Plaintiffs, Franchise Fastlane, and SMT discussed a franchise opportunity, including information on training programs, costs, and fees. ECF No. 8 at 9, ¶ 25. During negotiations, Plaintiffs alleged that Mr. Blanchat informed Defendants Franchise FastLane and SMT that he was a

ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER ~ 4

resident of Washington State. ECF No. 8 at 19, ¶ 63. The individual Plaintiffs were provided a Franchise Disclosure Document ("FDD") and Franchise FastLane broker Jennifer Cain provided the explanations regarding various provisions of the FDD. ECF No. 8 at 10, ¶ 30.

On April 27, 2020, the individual Plaintiffs entered into a franchise agreement with SMT, purchasing eleven territories in the State of Arizona for $304,500. ECF No. 8 at 9, ¶ 26. The franchise agreement did not include a Washington State rider, even though Plaintiffs allege that Defendants knew Mr. Blanchat was a Washington resident. ECF No. 8 at 19, ¶¶ 64-65. The Summary Page of the franchise agreement listed Mr. Blanchat's Idaho address as the "notice address." ECF No. 8 at 20, ¶¶ 66-67. The only place in writing that Mr. Blanchat personally represented his address in Washington was on the Guaranty and Non-Compete Agreement, an attachment to the Franchise Agreement. ECF No. 8 at 19, ¶ 63.

Approximately three months after entering into the franchise agreement, Plaintiffs and SMT entered into an Entity Transfer Addendum that transferred the individual Plaintiff's rights, interest, and obligations to Plaintiff Smash Hit LLC. ECF No. 8 at 9, ¶ 27.

Plaintiffs allege that Defendants made oral and written misrepresentations and omissions regarding the franchise, including that the FDD was out-of-date,

1  contained numerous misrepresentations, and failed to disclose information required

2  by law regarding financial performance data, self-dealing, franchise fees, referral

3  fees, and training requirements.  *See generally* ECF No. 8 at 10-16, ¶¶ 31-53.

4      Defendants refused to refund or rescind the franchise agreement.  ECF No. 8

5  at 20-21, ¶ 70.  Plaintiffs also allege that Defendants "stonewalled" prospective

6  buyers of the franchise agreement when Plaintiffs sought to transfer the franchise.

7  ECF No. 8 at 21, ¶¶ 71-73.  The present lawsuit and motions followed.

8      **DISCUSSION**

9  **A.  Motion to Seal**

10      Defendants seek to seal the Complaint and Second Amended Complaint and

11  strike unsealed filings on the grounds that they contain confidential information

12  regarding "confidential fees and contents of internal memoranda relating to

13  business practices."  ECF No. 13 at 5.  Defendants also allege that redaction is

14  insufficient where they have suffered harm from a third-party competitor posting

15  the complaint a website.  ECF No. 13 at 7.  Plaintiffs argue that there is no

16  confidential information in the complaints where such information is publicly

17  available.  ECF No. 22 at 6-10.

18      "It is clear that the courts of this country recognize a general right to inspect

19  and copy public records and documents, including judicial records and

20  documents."  *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978).

ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND
COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER ~ 6

Accordingly, in the Ninth Circuit there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1135). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).

Here, Defendants allege that Plaintiffs disclosed confidential information in the form of referral fees and information in internal memoranda. ECF No. 13 at 2-3. Defendants cite to Plaintiff's allegations regarding third-party hauler franchising fee rates. ECF No. 8 at 13-14, ¶¶ 43-46, 49. Plaintiffs counter that the information that Defendants assert is confidential – franchise information regulated by state statute – is publicly available and required to be disclosed by law. ECF No. 22 at 6-13. Such publicly available information is insufficient to demonstrate a compelling reason that outweighs the public's interest in disclosure. Redaction is likewise unnecessary. Therefore, Defendants' Motion to Seal is denied.

**B. Motion to Compel Arbitration and Dismiss Case**

Defendants seek to compel all of Plaintiff's claims to arbitration in Indiana according to the terms of the franchise agreement. *See* ECF No. 15 at 15. In the alternative, Defendants seek to dismiss the case on the basis of the forum selection clause included in the agreement. ECF No. 15 at 18. Defendants also seek attorney's fees in connection with bringing this motion. ECF No. 15 at 17.

Plaintiffs argues that the motion to compel must be denied as the franchise agreement is unenforceable according to state law principles. ECF No. 21 at 8-17.

*1. Arbitrability*

The Federal Arbitration Act ("FAA") makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects "both a liberal federal policy favoring arbitration … and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal citations and quotation marks omitted). Thus, "courts must place arbitration agreements on an equal footing with other contracts … and enforce them according to their terms." *Id.* (internal citation omitted).

In determining whether to compel arbitration, generally the court must determine two threshold issues: (1) whether there is an agreement to arbitrate between the parties and (2) whether the agreement covers the dispute. *Brennan v.*

ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER ~ 8

1  *Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).  However, these issues can be

2  expressly delegated to the arbitrator by agreement.  *Id.*  "[W]hether the court or the

3  arbitrator decides arbitrability is an issue for judicial determination unless the

4  parties *clearly and unmistakably provide otherwise*."  *Oracle Am., Inc. v. Myriad*

5  *Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013) (internal citations and quotation

6  marks omitted).  The Ninth Circuit has held "that incorporation of the AAA

7  [American Arbitration Association] rules constitutes clear and unmistakable

8  evidence that contracting parties agreed to arbitrate arbitrability."  *Brennan*, 796

9  F.3d at 1130.  While this decision limited its holding to an arbitration agreement

10 "between sophisticated parties," the Court also noted that the holding "does not

11 foreclose the possibility that this rule could also apply to unsophisticated parties or

12 to consumer contracts."  *Id.* at 1130-1131.

13     Here, the Court finds that the question of arbitrability should go to the

14 arbitrator where the parties incorporated the AAA rules into the agreement.  ECF

15 No. 23-2 at 28, ¶ 17.1(a).  The arbitration provision broadly states that "[a]ny

16 controversy or claim arising out of or relating to this Agreement (including its

17 formation) shall be resolved by arbitration administered by the American

18 Arbitration Association in accordance with its Commercial Arbitration Rules,

19 including the Optional Rules for Emergency Measures of Protection."  *Id.*

20 Moreover, this is a commercial contract between sophisticated parties; all

ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND
COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER ~ 9

individual Plaintiffs are business owners.  ECF No. 8 at 6, ¶ 13.  Therefore, the Court finds the parties clearly and unmistakably agreed that the arbitrator would determine the threshold issues of arbitrability.

Although the Court need not consider Plaintiffs' remaining arguments on challenging the arbitration agreement, the Court finds them unpersuasive. Plaintiffs are unlikely to gain the protection of the Washington Franchise Investment Protection Act.  *See See Allison v. Medicab Intern., Inc.*, 92 Wash. 2d 199, 203 (1979) ("The failure to register does not make the agreement [to arbitrate] void."); *Taylor, Tr. For Estate of Taylor v. Rothschild*, No. C18-5863 BHS, 2019 WL 3067255, at *6 (W.D. Wash. July 12, 2019) (granting motion to compel under similar circumstances).  The procedural and substantive unconscionability arguments are similarly unavailing under the totality of the circumstances; the parties are sophisticated business owners who spent weeks discussing the franchise opportunity before entering into the commercial contract.  ECF No. 8 at 6, ¶ 13, 9, ¶ 25; *see generally Luna v. Household Fin. Corp. III*, 236 F. Supp. 2d 1166, 1183 (W.D. Wash. 2002).

Therefore, the Court finds this case must be referred to arbitration.

*2. Parties Submitted to Arbitration*

Defendants argue that claims against Defendant Haskin must be arbitrated where he is a signatory to the franchise agreement and against Defendant Franchise

FastLane under theories of equitable estoppel or agency. ECF No. 15 at 12-15. Plaintiffs argue that claims against Defendants Franchise FastLane and Haskin cannot be compelled where they are not parties to the agreement. ECF No. 21 at 17.

In "the absence of clear and unmistakable evidence that Plaintiffs agreed to arbitrate arbitrability with nonsignatories," the district court has the authority to decide whether such non-signatory can compel arbitration. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1127 (9th Cir. 2013). Absent such evidence, a non-signatory may invoke arbitration "if the relevant state contract law allows the litigant to enforce the agreement." *Id.* at 1128. The parties dispute what state law would apply but both Washington and Indiana recognize agency principles. ECF No. 15 at 14; ECF No. 21 at 19; *see McClure v. Davis Wright Tremaine*, 77 Wash. App. 312, 315 (1995) (recognizing principle of agency); *Indiana Dep't of Pub. Welfare v. Chair Lance Serv., Inc.*, 523 N.E.2d 1373, 1378 (Ind. 1988) (same).

A non-signatory can compel a signatory to arbitrate based on ordinary contract and agency principles. *See Letizia v. Prudential Bache Secs., Inc.*, 802 F.2d 1185 (9th Cir. 1986); *Britton v. Co-op Banking Group*, 4 F.3d 742 (9th Cir. 1993). In *Letizia*, the Ninth Circuit held that brokerage employees as non-signatories were bound to the arbitration clause where "[a]ll of the individual defendants' allegedly wrongful acts *related* to their handling of [the plaintiff's]

securities account." *Id.* (emphasis added); *see also All for Kidz, Inc. v. Around the World Yoyo Entm't Co.*, No. C13–2001RAJ, 2014 WL 1870821, at *3 (W.D. Wash. May 8, 2014) (collecting cases reaching the same result).

Plaintiffs attempt to exclude Defendants Franchise FastLane and Haskin from arbitration based on allegations of personal omissions and misrepresentations. ECF No. 21 at 18. A plaintiff cannot "avoid an otherwise valid arbitration provision merely by casting its complaint in tort … The touchstone of arbitrability in such situations is the relationship of the tort alleged to the subject matter of the arbitration clause." *Kroll v. Doctor's Assocs.*, 3 F.3d 1167, 1170 (7th Cir. 1993) (internal quotation marks omitted). A broad arbitration clause "does not limit arbitration to the literal interpretation or performance of the contract" but rather "embraces every dispute between the parties having a significant relationship to the contract regardless of the label attached to the dispute." *JJ Ryan & Sons v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 321 (4th Cir. 1988).

Here, Plaintiffs admit that Defendants Franchise FastLane and Haskin's actions "may be imputed to SMT under a theory of agency." ECF No. 21 at 18. This concession is further underscored by the fact that Plaintiffs' allegations against both Defendants all relate to the common goal of forming the underlying contract on behalf of SMT. *See* ECF No. 8. The Court also notes that compelling arbitration among all parties will avoid duplicative litigation and potentially

conflicting results. *See Hawkins v. KPMG LLP*, 423 F. Supp. 2d 1038, 1050 (N.D. Cal. 2006). Therefore, the Court finds that the non-signatories may be submitted to arbitration.[3]

*3. Venue*

Under the FAA, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearings and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. 9 U.S.C. § 4. This venue provision is discretionary and supplements the venue provision set forth in 28 U.S.C. § 1391. *Textile Unlimited, Inc. v. A..BMH and Co.*, 240 F.3d 781, 784 (9th Cir. 2001) (citing *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 194-96 (2000).

The Ninth Circuit has yet to rule specifically on whether a court should enforce an arbitration agreement's venue provision when it calls for arbitration in a location outside of the district where the action is pending. *See Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1271, n.1 (9th Cir. 2002), *opinion amended on denial of reh'g*, 289 F.3d 615 (9th Cir. 2002) ("[Plaintiff] does not challenge the district

---

[3] Because the issue of agency is dispositive, the Court need not address the parties' equitable estoppel arguments.

ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER ~ 13

court's order compelling arbitration. Therefore, we express no view as to whether the district court properly compelled arbitration in Chicago, even though the federal action was filed in California.").

However, the Fifth Circuit has addressed similar circumstances to the case at bar. *See Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275 (5th Cir. 1975). In *Dupuy*, the defendants moved "the court for an order directing that such arbitration proceed in the manner provided for in such agreement" after the plaintiff filed suit in a district that was outside the designated location. *Id.* at 1276. The Fifth Circuit found that allowing a plaintiff to avoid a forum selection clause by filing in a different district "would create a procedural trap by which a party to an arbitration agreement might be deprived of its contractual right to arbitration at the location specified in the agreement." *Id.* at 1277-1288. District courts in the Ninth Circuit have found this reasoning persuasive under like circumstances. *See Krause v. Expedia Grp., Inc.*, No. 2:19-CV-00123-BJR, 2019 WL 4447317, at *8 (W.D. Wash. Sept. 17, 2019); *U.S. ex rel. Turnkey Const. Servs., Inc. v. Alacran Contracting, LLC*, No. 13-CV-01654 TLN-CMK, 2013 WL 6503307, at *3 (E.D. Cal. Dec. 11, 2013).

Here, the Court also finds the Fifth Circuit's reasoning persuasive. To deprive a court of the ability to compel arbitration merely because Plaintiffs chose to file in a forum in order to obtain a more favorable result would undermine the

ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER ~ 14

strong public policy in favor of enforcing arbitration agreements. *See Marmet Health Care Center, Inc. v Brown*, 565 U.S. 530, 533 (2012) (The FAA "requires courts to enforce the bargain of the parties to arbitrate" and "reflects an emphatic federal policy in favor of arbitral dispute resolution.").

Therefore, the Court will order arbitration at the location designated in the agreement which is Carmel, Indiana. *See* ECF No. 23-2 at 29, ¶ 17.1(b) ("The place of arbitration shall be the city and state where the Franchisor's headquarters are located); ECF No. 15 at 5 (headquarters located in Carmel, Indiana).

### 4. Dismissal

Defendants argues that this Court should dismiss the case where all claims are arbitrable and Indiana law will apply. ECF No. 15 at 15.

Under the FAA, the court should stay proceedings when an issue involved in the lawsuit is subject to arbitration. 9 U.S.C. § 3. However, the Ninth Circuit has held that the court has discretion to dismiss the action if all of the claims before the court are arbitrable. *Nagrampa v. MailCoups*, 469 F.3d 1257, 1276 (9th Cir. 2006) (en banc) (stating the court "should stay or dismiss the action pending arbitration"); *Sparling v Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (finding the district court "acted within its discretion when it dismissed [the plaintiff's] claims"). "The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to

ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER ~ 15

arbitration …. retaining jurisdiction and staying the action will serve no purpose." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (internal citation omitted).

Here, none of the parties have requested a stay. Dismissal is warranted where all issues will be determined by the arbitrator pursuant to the agreement's broad arbitration provision. No resources would be saved if the case were to remain on the docket until arbitration concludes. Because dismissal is appropriate here, the Court need not address Defendants' *forum non conveniens* argument. ECF No. 15 at 18.

   5. *Attorney's Fees*

Defendants seek attorney's fees and costs in connection with the instant litigation. Plaintiffs argue that Defendants are not entitled to such fees and costs where litigation is not prohibited under the franchise agreement. ECF No. 21 at 21.

There is no provision under the FAA that awards attorney's fees to a party who is successful in pursuing a motion to compel arbitration. 9 U.S.C. §§ 1-16. Per the parties' agreement, a non-prevailing party shall pay a prevailing party's attorney fees, costs and other expenses of the legal proceeding" where the part "prevailed upon the central litigated issues and obtained substantial relief." ECF No. 23-2 at 29, ¶ 17.6. Where the Court submits all claims to the arbitrator, the

ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER ~ 16

assessment of attorney's fees under the agreement is more appropriate in that forum. Therefore, Defendants' request for attorney's fees is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Seal Complaint and First Amended Complaint and Strike Unsealed Filings (ECF No. 13) is **DENIED**. The Clerk of Court shall unseal all pleadings and filings.

2. Defendants' Motion to Expedite Hearing for Motion to Compel Arbitration and Motion to Seal (ECF No. 14) is **GRANTED**.

3. Defendants' Motion to Compel Arbitration and Dismiss Case (ECF No. 15) is **GRANTED**. The Court **ORDERS** the parties to conduct arbitration in Carmel, Indiana and this case is then **DISMISSED**.

4. Plaintiffs' Motion for Protective Order (ECF No. 27) is **DENIED as moot**.

5. Each party to bear their own attorney's fees and costs.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

**DATED** December 15, 2020.



THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANTS' MOTIONS TO SEAL, EXPEDITE, AND COMPEL ARBITRATION AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER ~ 17